TUNSTALL
*vs.*
SUTTON, &c.

---

Tunstall *vs.* Sutton, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

A slave, though a minor, though taken out of the possession of the owner by another, may, under the statutes of Kentucky, be regarded as a runaway: and if taken and restored to the owner, entitles the capturer to the compensation fixed by the statute.

This was a petition in equity, filed by Henry R. Tunstall against Emily A. Sutton, who had a life

Case stated.

estate, and others who were entitled to the remainder, some of the latter being non-residents of the state, to recover one hundred dollars claimed to be due to the plaintiff for capturing George, a negro boy slave about six years old, who had been taken from the owners in Kentucky by his father, and conveyed to Cincinnati against their consent, where the plaintiff found him, and by authority of a warrant restored him to the defendant Emily A. Sutton. The plaintiff seeks to subject the boy to the payment of the fee claimed for the capture, &c.

The chancellor dismissed the petition, and the plaintiff has appealed.

*Bodley & Pindell* for appellant—

The only grounds of the chancellor for refusing a decree for the plaintiff, must have been that the boy George was too young to be regarded a runaway, or that he had not the power to decree a sale of the boy to pay the sum claimed.

Neither ground is valid. The statute applies to all runaway slaves. The same idea is expressed by the words runaway slaves, as by the words persons escaping from labor, used in the federal constitution; either of those terms embraces the case of a slave out of pos session by the act of the slave or another, provided the absence be without the consent of the owner. The idea of a runaway is not different from that of an "estray," which certainly includes the young as well as the old, and only requires absence without leave. Any other idea would not authorize the recapture of an infant in Ohio, taken off by its mother, whilst it would the mother. The mother might be reclaimed, but the child could not, because it had been passive. So it might be said of an adult slave forcibly taken off—that he had not acted with a will in absenting himself. To state the proposition is its own refutation. The idea that the slave must *choose* to go away to constitute him a runaway within the meaning of the law cannot be maintained.

The chancellor had jurisdiction, as part of the defendants were non-residents, to subject the property to pay that compensation which was justly due to the plaintiff for his trouble and expenses incurred for the benefit of the defendants.

*Joyes* for appellee Sarah Sutton—

The testimony shows that the boy George, only about six years old, was taken away by his father, the slave of the plaintiff, and was not a runaway within the meaning of the statute.

But if the boy be regarded as a runaway, has there been such a delivery and acceptance by those entitled in remainder as renders them liable for the fee and expenses of the capture? And does there exist any lien on the interest of those in remainder in the boy for its payment? These are questions arising in this case. An affirmance is asked for the reasons given by the chancellor.

Judge CRENSHAW delivered the opinion of the court:

<div style="float:right">September 26.</div>

It seems to us that, according to the reason and spirit of the statute upon the subject of runaway slaves, the slave George should be regarded as a runaway, notwithstanding he was only about six years of age. He was, doubtless, taken away by his father, who was the slave of the plaintiff; but the plaintiff had no agency in the act of the father of George, and George, in reason and in law, as it seems to us, was as much a runaway as if he had escaped voluntarily and without the agency of his father. If it be necessary to constitute a runaway slave, that the slave should exercise an agency in escaping, the reasonable conclusion is, that George went away voluntarily, notwithstanding the influence exerted over him by his father in inducing him to do so. He was of an age capable of voluntary escape, and, no doubt, exercised it. But, suppose a mother, who is a slave, should escape from her owner, carrying with her a sucking child not capable of

an agency in the escape, ought not the child, in view of the statute, to be regarded as a runaway slave as well as the mother? Both are as much beyond the power and control of the owner, as if both had exercised an equal agency in escaping; and when found in the state of Ohio, as George was, ought not, and would not, both mother and child, under the constitution and laws of the United States, be held and esteemed fugitives from service? We think they ought to be, and would be, so held and esteemed. Indeed, George appears to have been arrested as a runaway by the plaintiff, in the State of Ohio, under a warrant issued by the authority of a law of the United States, and, by this means, the plaintiff was enabled to take and deliver him to the defendant Emily A. Sutton. George, then, has been taken and treated, in view of the law and constitution of the United States, as a fugitive from service. And, if he was a fugitive from service, he was a runaway slave. We think, therefore, that the court below erred in refusing a decree to the plaintiff for the sum of $100, allowed by the statute for the apprehension of a runaway slave in a state where slavery is not allowed.

The slave was delivered to the owner for life, who was entitled to the possession, and was properly so delivered; and as the statute makes the *owner* responsible for the reward for apprehension, and as Mrs. Sutton was the owner for life, and the other defendants the owners of the remainder, they are all owners, and are all responsible to the plaintiff.

Part of the defendants are non-residents, which gave the plaintiff a right to sue in equity, and to proceed *in rem*. The court, therefore, had jurisdiction, and it was erroneous to dismiss the petition, either upon the merits or for want of jurisdiction.

Wherefore, the judgment is reversed, and the cause remanded for a decree not inconsistent with the principles of this opinion.